# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JILL STRELZIN, individually and on
behalf of all others similarly situated,      )
                                              )
                                              )
                    Plaintiff,                )
                                              )      Case No. 1:22-cv-05644
            vs.                               )
                                              )      Honorable Steven C. Seeger
ZILLOW GROUP, INC.,                           )
                                              )
                    Defendant.                )
                                              )

## MOTION TO STAY TO STAY THE ACTION PENDING LIKELY TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Defendant Zillow Group, Inc. ("Zillow") respectfully requests that this Court stay the above-captioned matter pending a decision from the Judicial Panel on Multidistrict Litigation on its pending motion to transfer multiple actions pursuant to 28 U.S.C. § 1407.  *See In re: Zillow Group, Inc. Session Replay Software Litig.*, MDL No. 3057, ECF No. 1.  Staying all proceedings in this action will conserve the Court's and the parties' resources, avoid duplicative litigation, and prevent inconsistent rulings on issues that will arise repeatedly in these cases.  In the alternative, Zillow respectfully requests an extension of time to respond to Plaintiff's Complaint pursuant to Fed. R. Civ. P. 6(b).  In support of this motion to stay, Zillow incorporates

by reference its supporting memorandum of law.

                                        Respectfully submitted,

Dated: October 14, 2022

                                        **BUCHANAN INGERSOLL & ROONEY PC**

                                        By:  */s/ David T. Cellitti*
                                            David T. Cellitti (Bar No. 6272041)
                                             401 E. Jackson Street, Suite 2400
                                            Tampa, FL 33602
                                            Tel: 813-222-8180
                                            david.cellitti@bipc.com

                                            Samantha L. Southall (*Pro hac vice* forthcoming)
                                            50 S. 16th Street, Suite 3200
                                            Philadelphia, PA  19102
                                            Tel.: 215-665-8700
                                            samantha.southall@bipc.com

                                            *Counsel for Defendant Zillow Group, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JILL STRELZIN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:22-cv-05644 |
| vs. | ) ) | Honorable Steven C. Seeger |
| ZILLOW GROUP, INC., | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ZILLOW GROUP, INC.'S MOTION TO STAY TO STAY THE ACTION PENDING LIKELY TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**I.      INTRODUCTION**

This Action should be stayed because Zillow has filed a Motion to Transfer Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings (the "MDL Motion") with the United States Judicial Panel on Multidistrict Litigation (the "Panel") on October 19, 2022.  In the MDL Motion, Zillow has requested that the Panel transfer and assign to the Western District of Washington all pending and subsequently-filed actions alleging that Zillow violated various states' wiretapping statutes and committed common-law privacy torts.

In addition to this Action, there are currently seven other substantially similar actions, filed by plaintiffs on behalf of proposed statewide classes in six different federal district courts (including this District).  To promote the efficient conduct of the actions, Zillow requests that this Action, including all pending responsive pleadings and discovery, be stayed until the Panel decides the MDL Motion.  In the alternative, Zillow respectfully requests an extension of time to answer

or otherwise respond to the Complaint up to and through 30 days from the Panel's ruling on the MDL Motion.

## II.      PROCEDURAL BACKGROUND

On September 15, 2022, Plaintiff Jill Strelzin filed this Action.  *See* Dkt. No. 1.  Zillow removed this Action on October 14.  *Id*.  Accordingly, Zillow must respond to the Complaint no later than October 21, 2022.  Fed. R. Civ. P. 81(c).

Between September 7 and September 27, 2022 – a mere twenty days – there were seven additional nearly identical putative class actions complaints filed in six additional courts, sometimes by some of the same lawyers.  Those actions are:

| CASE NAME | JURISDICTION | FILE DATE |
|---|---|---|
| *Huber v. Zillow Group, Inc.*<br>Case No. 2:22-cv-03572-GJP | E.D. Pennsylvania | 9/7/2022 |
| *Popa v. Zillow Group, Inc.*<br>Case No. 2:22-cv-01287 | W.D. Pennsylvania | 9/8/2022 |
| *Margulis v. Zillow Group, Inc.*<br>Case No. 1:22-cv-04847 | N.D. Illinois | 9/8/2022 |
| *Perkins v. Zillow Group, Inc.*<br>*and Microsoft Corp.*<br>Case No. 2:22-cv-01282 | W.D. Washington | 9/12/2022 |
| *Kauffman v. Zillow Group, Inc.*<br>Case No. 3:22-cv-01398 | S.D. California | 9/15/2022 |
| *Conlisk v. Zillow Group, Inc.*<br>Case No. 1:22-cv-05082 | N.D. Illinois | 9/19/2022 |
| *Adams v. Zillow Group, Inc*.<br>Case No. 4:22-cv-1023 | E.D. Missouri | 9/27/2022 |

III.    ARGUMENT

    A.    Legal Standard

Courts have "broad discretion to stay cases, provided that the length of the stay is reasonable and accounts for the competing interests of the parties." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The party moving for the stay bears the burden of proving that a stay is appropriate. *See id.*, at 255.

This Court, and others across the country, routinely exercise their inherent power to stay cases pending decisions by the Panel on motions to consolidate and transfer. *See, e.g.*, *Paul v. Aviva Life & Annuity Co.*, 2009 WL 2244766, at *1 (N.D. Ill. July 27, 2009) (Aspen, J.); *Kavalir v. Medtronic*, 2007 WL 1225358, at *4 (N.D. Ill. Apr. 19, 2007); *Bd. of Trustees of Teachers' Ret. Sys. of State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905-06 (N.D. Ill. 2002); *Tench v. Jackson Nat. Life Ins. Co.*, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999) ("[S]tays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources."); *see also Packer v. Power Balance, LLC*, 2011 WL 1099001, at *1 (D.N.J. Mar. 22, 2011) ("Stays of a civil actions are common when the issue of transfer is before the JPML"); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (courts "frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case"); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[I]t is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the Panel because of the judicial resources that are conserved"). A stay pending the Panel's consolidation and transfer decision serves the primary purpose of the multidistrict litigation device, which is to "eliminate duplicative

discovery, prevent inconsistent pretrial rulings…and conserve the resources of the parties, their counsel, and the judiciary." *In re California Retail Natural Gas & Elec. Antitrust Litig.*, 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001).

In deciding whether to grant a stay pending the Panel's decision, courts consider: (1) whether judicial economy favors a stay; (2) the potential prejudice to the non-moving party; and (3) any hardship or inequity to the moving party if the case is not stayed. *Paul*, 2009 WL 2244766, at *1 (citations omitted). All three factors weigh heavily in favor of a stay here.

**B.      Staying This Case Best Serves the Interest of Judicial Economy**

Granting a temporary stay of proceedings in this case will promote judicial economy. Stays are routinely granted while a decision by the Panel is pending "to avoid duplicative efforts and preserve valuable judicial resources." *Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999). The explicit purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common issues in a "just and efficient" manner. 28 U.S.C. § 1407(a). Allowing this action to proceed while the Panel determines the issue of transfer would undermine that purpose. *Paul*, 2009 WL 2244766, at *1 (absent a stay, this Court would "run the risk of expending valuable judicial resources familiarizing [it]self with the intricacies of a case that may be coordinated or consoli[dated] for pretrial purposes in another court."). If the Panel transfers this Action, this Court will "have wasted judicial resources by addressing various pre-trial motions that could have been resolved in the transferee courts." *Id.*

By contrast, staying this action will conserve this Court's resources and prevent duplicative discovery and pretrial management efforts. *See Paul*, 2009 WL 2244766, at *1 (noting that a stay pending a decision on an MDL motion would "conserve judicial resources by avoiding duplicative litigation"); *U.S. Bank v. Royal Indem. Co.*, No. 3:02-CV-0853-P, 2002 U.S. Dist. LEXIS 17837,

4

at *6 (N.D. Tex. Sept. 23, 2002) ("If the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted.").

Zillow is seeking the transfer and coordination or consolidation of eight actions, including this Action, as well as any subsequently filed actions. To promote efficiency, this Court should stay this action so that all of the actions may be litigated jointly if the MDL Motion is granted. Doing so will enable the court that oversees the multidistrict litigation to effectively control its disposition without competing deadlines or discovery phases.

Significantly, because the deadline to answer the Class Action Complaint is imminent, this Court also should stay this action to preserve Zillow's right to file an answer or dispositive motion if the Panel denies the MDL Motion and this Action remains in the Northern District of Illinois. Zillow anticipates that the Panel will issue a decision in the near future, which it will immediately provide to this Court. This limited duration further supports the reasonable nature of the requested stay.

### C.      Staying This Case Pending the Panel's Decision Would Not Prejudice Plaintiff

Because this Action is still in its infancy, the brief stay Zillow seeks will not create any significant prejudice or other harm to Plaintiff. *See Paul*, 2009 WL 2244766, at *1 ("any potential prejudice" to plaintiff would be "minimal" where "case has only been pending for five months and discovery has yet to begin"); *Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (observing "no meaningful prejudice … to Plaintiff" where the case was in "very early procedural stages" and the Panel was "expected to hear [the] matter within a few months"). To the extent that Plaintiff may be able to demonstrate any prejudice, that prejudice is outweighed by the competing interests of judicial economy. A brief, limited delay is plainly outweighed by the benefits both parties and the courts would receive from coordinated discovery

and motion practice in the MDL proceeding. *Paul*, 2009 WL 2244766, at *1; *see also Lopez v. Tyson Foods, Inc.*, No. 8:06-cv-459, 2008 U.S. Dist. LEXIS 106132, at *6 (D. Neb. Sept. 8, 2008) (granting stay because plaintiffs would not "suffer any prejudice by a brief stay," but defendants, "in contrast," would be prejudiced by "additional discovery or motion practice" that could "create duplicative and potentially inconsistent obligations"); *Toppins v. 3M Co.*, No. 4:05-cv-01356-ERW, 2006 U.S. Dist. LEXIS 36, at *4 (E.D. Mo. Jan. 3, 2006) ("[A]lthough Plaintiff might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh [] judicial efficiency concerns.").

### D.   Absent a Stay Zillow Would Suffer Prejudice From Duplicative Litigation and Risk Inconsistent Rulings

Without a stay, Zillow will be required to litigate issues in this Court that may then be re-litigated in the MDL court. This cuts against the very purpose of the MDL procedure, which was established, in part, to avoid inconsistency and duplication with respect to the parties' litigation burden. *See Emerson v. Lincoln Elec. Holdings, Inc.*, No. 09-6004-CV-SJ-GAF, 2009 U.S. Dist. LEXIS 19906, at *2 (W.D. Mo. Mar. 12, 2009) ("[T]he potential for duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendant weight heavily in favor of [a] stay"); *Pace v. Merck & Co., Inc.*, 04-cv-1356, 2005 U.S. Dist. LEXIS 47712, at *4-5 (D.N.M. Jan 10, 2005) ("[Defendant] faces a significant risk of duplicative motion practice and redundant discovery proceedings absent a stay").

Additionally, Zillow would be prejudiced by potentially inconsistent rulings by federal district courts if a stay is not granted. *See Alexander v. GlaxoSmithKline, LLC*, No. 15-2323, 2015 U.S. Dist. LEXIS 123460, at *2 (E.D. La. Sept. 15, 2015) ("[B]etween the various lawyers and judges on the cases, there is a grave potential for conflicting discovery orders. This poses not only a hardship for the defendants but mocks an efficient and orderly judicial system."). The burden of

duplicative discovery and litigation weighs heavily in favor of staying proceedings pending transfer.

Simply put, the prejudice to Zillow without a stay – including the waste of judicial economy and the risk of duplicative discovery and inconsistent rulings – far outweighs the possibility of any minimal prejudice to Plaintiff. *See, e.g.*, *Cajun Offshore Charters, LLC v. BP, PLC*, No. 10-1341, 2010 U.S. Dist. LEXIS 111742, at *7 (E.D. La. May 25, 2010) (granting stay in light of hardship to defendants, potential for conflicting discovery orders, and interests of judicial economy); *Paul*, 2009 WL 2244766, at *2 (defendant "could be faced with conflicting decisions on similar pre-trial issues from this court and the transferee court if [the Court] were to decline the stay and continue the litigation."); *Walker v. Merck & Co., Inc.*, No. 05-cv-360-DRH, 2005 U.S. Dist. LEXIS 13693, at *6 (S.D. Ill. June 22, 2005) ("While Plaintiffs might well be subject to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests.").

## IV.   ALTERNATIVE MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

In the alternative, Zillow respectfully requests an extension of time to answer or otherwise respond to the Complaint up to and through 30 days from the Panel's ruling on the MDL Motion. This is Zillow's first request for additional time to respond to Plaintiff's Complaint, which is currently due on October 21, 2022. This Motion for Extension of Time is being filed prior to the expiration of the time originally prescribed to respond to Defendant's Motion to Dismiss, pursuant to Fed. R. Civ. P. 6(b)(1)(A). Zillow contacted Plaintiff, through counsel, to determine Plaintiff's position towards Zillow's request for an extension in compliance with this Court's case procedures. Plaintiff did not respond and therefore Zillow presumes its request is opposed.

For the same reasons outlined in the briefing above, this Motion for Extension of Time is made for good cause, in good faith, and not for the purpose of delay. Rule 6(b) provides that the

Court, in its discretion for good cause shown, may enlarge a period of time provided by the rules for a party to act, when requested to do so before the expiration of the period to be enlarged. Such authority is within the Court's broad discretion to manage its cases.

Because this Motion for Extension of Time sets forth good cause for the relief sought, and neither the parties nor the proceeding would be prejudiced, the granting of this Motion for Extension of Time would be an appropriate exercise of this Court's discretion.

## V.      CONCLUSION

For the foregoing reasons, Zillow respectfully requests that this Court stay all further proceedings in this case pending a decision from the Panel on the MDL Motion.  In the alternative, Zillow respectfully requests that this Court grant Zillow an extension of time to answer or otherwise respond to the Complaint up to and through 30 days from the Panel's ruling on the MDL Motion.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ David T. Cellitti*
David T. Cellitti (Bar No. 6272041)
401 E. Jackson Street, Suite 2400
Tampa, FL 33602
Tel.: 813-222-8180
david.cellitti@bipc.com

Samantha L. Southall (*Pro Hac Vice* forthcoming)
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102
Tel.: 215-665-8700
samantha.southall@bipc.com

*Counsel for Defendant Zillow Group, Inc.*

## CERTIFICATE OF SERVICE

I, David T. Cellitti, hereby certify that I caused a copy of the foregoing document to be

served by e-mail on counsel for Plaintiff on October 20, 2022:

Katrina Carroll, Esquire
Kyle Shamberg, Esquire
LYNCH CARPENTER LLP
111 W. Washington Street, Suite 1240
Chicago, IL  60602
T: 312-750-1265 | F: 773-598-5609
katrina@lcllp.com
kyle@lcllp.com

Gary Lynch, Esquire
LYNCH CARPENTER LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA  15222
T: 412-332-9243 | F: 412-231-0246
gary@lcllp.com

*Counsel for Plaintiff and the Putative Class*

*/s/ David T. Cellitti*
David T. Cellitti

Dated: October 20, 2022